UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Brannen Michael Stafford,<br><br>Defendant. | Case No. 22-cr-00117(1) (SRN)<br><br><br>**ORDER** |

Brannen Michael Stafford, Reg. No. 20765-041, FCI Oxford, P.O. Box 1000, Oxford, WI 53952, Pro Se.

Craig R. Baune and Thomas M. Hollenhorst, United States Attorney's Office, 300 S. 4th Street, Suite 600, Minneapolis, MN 55415, for the Government.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Brannen Michael Stafford's Pro Se Motion for an Order of Certification to Correct His Inmate Central File ("Classification Motion") [Doc. No. 52] and Pro Se Motion to Adjust Sentence ("Computation Motion") [Doc. No. 54]. For the following reasons, the Court dismisses both Motions without prejudice.

Mr. Stafford is serving a 180-month term of imprisonment for Possession with the Intent to Distribute Methamphetamine and Carrying a Firearm During and in Relation to a Drug Trafficking Crime. (*See* Sentencing J. [Doc. No. 42] at 1–2.) Mr. Stafford remained in custody from the date of his arrest for these offenses through his sentencing. (*See* Preliminary Sentence Report ("PSR") [Doc. No. 26] at 1.) He is currently incarcerated at

1

the federal correctional institute located in Oxford, Wisconsin ("FCI Oxford"), and has a projected release date of February 25, 2035. *Find an inmate*, Fed. Bureau of Prisons, *available at* https://www.bop.gov/inmateloc//.

The Court fashioned Mr. Stafford's sentence in part based on his criminal history category. (*See* Statement of Reasons [Doc. No. 43] at 1.) According to the Sentencing Guidelines, his criminal history category was initially calculated as VI. (PSR at 2, 19, 30.) Mr. Stafford objected to this calculation based on the assignment of 2 points for a petty misdemeanor—a theft of $4.39 from Fleet Farm—for which he served no actual jail time. (PSR Addendum [Doc. No. 35] at A.1–A.2.) At the sentencing hearing, the Court agreed that assigning criminal offense points for the minor theft resulted in an overstated criminal history score. (Sentencing Tr. [Doc. No. 53] at 4:22–5:7.) The Court therefore granted a departure and considered Mr. Stafford's criminal history score to be category V for the purposes of fashioning a sentence. (*Id.*)

Mr. Stafford's Classification Motion asserts that the Bureau of Prisons ("BOP") has incorrectly classified his custody level based on a criminal history score of VI, rather than the category V score used for sentencing. (Classification Motion at 1–2.) He contends that this error is preventing him from being designated to a low security prison. (*Id.* at 1.) In his Computation Motion, Mr. Stafford claims that the BOP has failed to award custody credit for 59 days served in jail and is thereby imposing a longer sentence than the Court ordered. (Computation Motion at 1.) Although Mr. Stafford does not identify the legal basis for his Motions, the Court liberally construes them to fit within the proper legal framework. *See*

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

Mr. Stafford's Classification Motion is essentially a challenge to his location of confinement. *See Cottman v. Fikes*, No. 21-cv-2393 (SRN/TNL), 2023 WL2482878, at *3 (D. Minn. Feb. 21, 2023) ("[A]lthough phrased as a challenge to the BOP's Greatest Severity PSF classification, Petitioner is essentially challenging the *place* of his confinement, i.e., if not for the Greatest Severity PSF, Petitioner would be eligible for other, less restrictive places of imprisonment.") (emphasis in original), *report and recommendation adopted*, 2023 WL 2482879 (D. Minn. Mar. 13, 2023). The BOP designates an inmate's place of imprisonment in part based on the "history and characteristics of the person," 18 U.S.C. § 3621(b), which it assesses according to the guidelines in BOP Program Statement 5100.08. These decisions are committed entirely to the discretion of the BOP and are not subject to judicial review. 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court."). Courts in this District consistently refuse to entertain challenges to custody classifications and places of imprisonment.[1] *See Cottman*, 2023 WL 2482878, at *3 (collecting cases).

---

[1] Even if the Court had the authority to review the BOP's classification, here it is premised upon accurate information. Although the Court granted a downward departure for sentencing, the Preliminary Sentencing Report correctly determined that Mr. Stafford's criminal history category is VI. USSG § 4A1.1 (describing computation of criminal history points). The Court's use of the criminal history score for sentencing is distinct from the BOP's use for placement purposes. Moreover, "[a]n inmate's security point score is not the only factor in determining a commensurate security level for an inmate." BOP Program Statement 5100.08 at ch. 1, p. 2 (2006).

The Court likewise lacks jurisdiction to consider Mr. Stafford's Computation Motion. After exhausting the prison's administrative procedures, inmates may seek judicial review of the computation of their credits by filing a habeas corpus petition under 28 U.S.C. § 2241. *See United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006). Such habeas petitions must be filed in the district in which the inmate is incarcerated, not the district in which he was sentenced. *See United States v. Chacon–Vega*, 262 F. App'x 730, 730 (8th Cir. 2008) (per curiam) ("a petition under 28 U.S.C. § 2241 challenging the execution of a sentence must be filed in the district where the petitioner is incarcerated"). Mr. Stafford is therefore using the wrong procedural vehicle in the wrong venue to pursue these claims.

In sum, the Court lacks jurisdiction to decide Mr. Stafford's Motions. Accordingly, based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Mr. Stafford's Pro Se Motion for an Order of Certification to Correct His Inmate Central File [Doc. No. 52] is **DISMISSED WITHOUT PREJUDICE**; and

2. Mr. Stafford's Pro Se Motion to Adjust Sentence [Doc. No. 54] is **DISMISSED WITHOUT PREJUDICE**.

Dated: August 17, 2023                          s/ Susan Richard Nelson
                                                SUSAN RICHARD NELSON
                                                United States District Judge